UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROSARIO J. CHERAMIE<br>    *Plaintiff* | CIVIL ACTION NO. |
| VERSUS | SECTION: |
| CALLAIS & SONS, L.L.C.<br>    *Defendant* | MAGISTRATE: |

**COMPLAINT FOR DAMAGES**

TO THE HONORABLE JUDGES OF SAID COURT:

**CLAIMS**

1.

ROSARIO J. CHERAMIE ("Cheramie"), a resident of Poplarville, Mississippi, asserts the following claims pursuant to the Jones Act , 46 U.S.C. §30104, *et. seq.,* and the general maritime law of the United States of America for negligence, unseaworthiness and maintenance and cure as follows:

**CLAIMANT**

2.

At all times pertinent hereto, Cheramie was and is a person of the full age of majority and domiciled in the State of Mississippi.

**DEFENDANT**

3.

At all times pertinent hereto, defendant, CALLAIS & SONS, L.L.C. ("Callais") was a

1

Louisiana limited liability company, organized and existing by virtue of the laws of the State of Louisiana, having its principal place of business in Cut Off, Louisiana and it may be cited to appear and answer this Complaint by serving its registered agent for service of process, Johnny A. Callais, Sr., at 120 West 108th Street, Cut Off, Louisiana 70345.

## SEAMAN STATUS

4.

That, at all times pertinent hereto, Callais owned and/or operated and/or managed and/or chartered the M/V JOHNNY JAMES and its flatboat, the M/V LIL JOHNNY.  The M/V JOHNNY JAMES is, upon information and belief, a 68 foot long towing vessel with United States Coast Guard document number 552794 and the M/V/ LIL JOHNNY is, upon information and belief, an aluminum hull flatboat or skiff measuring approximately 14 feet in length.

5.

That, at all time pertinent hereto, Cheramie was employed by Callais and was permanently assigned to and performed a substantial portion of his work on board the M/V JOHNNY JAMES.

6.

That, at all times pertinent hereto, Cheramie's work contributed to the function and purpose of the M/V JOHNNY JAMES as a towing vessel.

## ACCIDENTS

7.

That at all times mentioned herein, the M/V JOHNNY JAMES was engaged in towing operations at or near Port Arthur, Texas.

8.

That on or about September 11, 2011, while assigned to the M/V JOHNNY JAMES as relief captain, Cheramie suffered an accident and resulting injury when he suddenly and unexpectedly slipped and fell into the water while traveling in the flatboat/skiff M/V LIL JOHNNY.

9.

That the aforementioned accident, and injuries and damages resulting therefrom, were solely and exclusively caused by the negligence of Callais and the unseaworthiness of its vessel, the M/V LIL JOHNNY, without any negligence on the part of Cheramie.

10.

That the negligence of Callais and the unseaworthiness of its vessel, were caused, in whole or in part, by the following non-exclusive acts and/or omissions, to-wit:

   a. in failing to warn and/or adequately warn Cheramie concerning conditions on Callais' vessel which rendered it unfit for its intended purposes;

   b. in failing to prevent or protect against the unfit conditions;

   c. in failing to provide Cheramie with an adequate, safe place to work;

   d. in failing to comply with applicable USCG Regulations or, alternatively, to adhere to OSHA or other standards concerning safe work places;

   e. in failing to utilize appropriate non-skid paint or other materials to increase the coefficient of friction on the interior hull of the M/V LIL JOHNNY;

   f. in failing to provide Cheramie with adequate assistance in the performance of his duties;

   g. other negligent acts and/or omissions to be shown at the trial of this matter.

11.

And, further, on or about September 26, 2011, or a date more certain to Callais, while

working aboard the M/V JOHNNY JAMES as relief captain, Cheramie suffered a second accident and resulting injury and/or aggravation to his injury of September 11, 2011, while cutting meat in the vessel's galley.

12.

That this second accident, and injuries and damages resulting therefrom, were solely and exclusively caused by the negligence of Callais and the unseaworthiness of its vessel, the M/V JOHNNY JAMES, without any negligence on the part of Cheramie.

13.

That the negligence of Callais and the unseaworthiness of its vessel, were caused, in whole or in part, by the following non-exclusive acts and/or omissions, to-wit:

   a. in failing to provide Cheramie with adequate assistance in the performance of his duties;

   b. in failing to have its vessel adequately manned so as to relieve Cheramie of having to perform galley work, particularly considering his recent prior injury;

   c. other negligent acts and/or omissions to be shown at the trial of this matter.

14.

That by reason of the negligence and unseaworthiness of the vessels as noted hereinabove, Cheramie sustained bodily injury including injury to his left side dominant shoulder which, among other damages, has caused him to undergo three separate surgical procedures to date; he became and is still ill and disabled by virtue of his injuries; he has been caused to suffer severe, painful and disabling injury to his left shoulder and is expected to continue to do so; he has been incapacitated from work and prevented from performing his usual occupation as relief captain on a vessel and is expected to continue to do so; his ability to perform his work has been impaired and is expected to

be for the foreseeable future; his ability to engage in non-work, recreational pursuits has been adversely affected and is expected to continue to be adversely affected; his enjoyment of life has been and is expected to continue to be adversely affected; he has required and is expected to continue to require medical care and treatment.

15.

That, as a result of the above and foregoing, Cheramie has suffered and is expected to continue to suffer damages including, but not limited to, past and future pain and suffering, past and future wage loss or diminution of his earning capacity, past and future mental suffering and anguish, past and future loss of fringe benefits, past and future loss of household services, past and future medical expenses, past and future loss of enjoyment of life and past and future maintenance and cure.

## MAINTENANCE AND CURE

16.

That by virtue of the fact that Cheramie was injured while in the course and scope of his employment on Callais' vessels, Chermie is entitled to receive maintenance and cure benefits until such time as he is deemed to have reached maximum medical improvement.

17.

That in the event Callais takes any action which is considered to be arbitrary and capricious with regard to Cheramie's maintenance and cure benefits, including but not limited to failure or refusal to provide reasonable, timely medical care, failure or refusal to provide maintenance or adequate maintenance on a timely basis or any other acts or omissions which may be considered to be arbitrary or capricious based upon the prevailing caselaw, then Cheramie is entitled to punitive or exemplary damages in accordance with *Atlantic Sounding v. Townsend,* 200 U.S. 321 (2009).

Cheramie would also be entitled to an award of attorney's fees for any fees incurred as a result of having to asserts his right to receive timely, reasonable medical care and maintenance expenses.

## DAMAGES

18.

That Cheramie has been severely injured and sustained serious damages in an amount of not less than TWO MILLION ($2,000,000.00) AND 00/100 DOLLARS as near as can be reasonably estimated at the present time.

WHEREFORE, Cheramie deems that this Complaint be deemed good and sufficient and after due proceeding are had, that there be judgment herein in his favor and against Callais in the full amount of TWO MILLION ($2,000,000.00) AND 00/100 DOLLARS, together with legal interest from the date of the first accident alleged herein, and for all such other general and equitable relief as may be deemed just in the premises.

Respectfully submitted,

/s/ Kristi A. Post
Lawrence Blake Jones  (7495)
Kristi A. Post (17752)
SCHEUERMANN & JONES, LLC
701 Poydras Street, Suite 4100
New Orleans, LA  70139
Telephone:  (504) 525-4361
Facsimile:  (504) 525-4380

**PLEASE SERVE:**

**CALLAIS & SONS, L.L.C.**
**Through their registered agent for service of process:**
**Johnny A. Callais, Sr.**
**120 West 108th Street**
**Cut Off, LA 70345**