UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ROSARIO J. CHERAMIE                                    CIVIL ACTION

VERSUS                                                        NO.  12-2411

CALLAIS & SONS LLC                                   SECTION "N"  (1)

**ORDER AND REASONS**

Presently before the Court is "Defendant's Motion for Reconsideration" (Rec. Doc. 87) concerning this Court's Judgment (Rec. Doc. 82) in this matter, entered on October 30, 2014.  For the reasons stated herein, **IT IS ORDERED** that the motion is hereby **GRANTED IN PART** and **DENIED IN PART**.  Accordingly, **IT IS ORDERED** that Defendant is entitled to an offset of $29,240.00 to the maintenance award, reducing the amount owed to Plaintiff for maintenance to a total of $13,160.00.  To the extent that Defendant's motion requests relief as to this Court's cure award, the motion is hereby **DENIED**.

**A. Background**

Following a jury trial on the issues of Jones Act negligence and unseaworthiness, which completed on September 25, 2014, this Court held a separate bench trial on the issues of maintenance and cure.  In preparation for the bench trial, the parties submitted a joint stipulation of facts relevant to the maintenance and cure claims (Rec. Doc. 64) on February 25, 2014.  After briefing by both parties, the Court entered an order on March 24, 2014, stating that the issues of maintenance and cure were "submitted," because counsel informed the Court that the record on those issues was complete and that no further briefing was desired.  (Rec. Doc. 74).  Following the

bench trial, this Court awarded Plaintiff maintenance and cure in the amounts of $42,400.00 for maintenance and $60,389.44 for cure. The Court entered a final judgment in this case on October 30, 2014. Defendant now challenges each of these awards. Defendant argues that the final judgment in this case as to the maintenance and cure awards should be reconsidered because the amounts were not properly calculated. In support of its argument, Defendant contends that it already paid to Plaintiff $29,240.00 in maintenance payments prior to the award of $42,400.00 and, in addition, that Plaintiff did not "actually incur" $60,389.44[1] in cure.

**B. Discussion**

A motion for reconsideration is evaluated under the standards of both Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure to determine whether relief is warranted. *In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 2012 WL 777268, at *2 (E.D. La. 2012). The Fifth Circuit allows for relief under Rule 59(e) "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Id*. at *3, citing *Schiller v. Physicians Res. Grp Inc.*, 342 F.3d 563, 567 (5th Cir.2003).

Rule 60(b) allows for reconsideration for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4)

---

[1] During the course of reviewing the motion for reconsideration and the record, the Court discovered a discrepancy in its cure calculation entitling Plaintiff to an additional $.60 based on the proper award amount of $15,726.83 in outstanding expenses, as opposed to the $15,726.23 used in the final award calculation. However, the award amount has not been contested on these grounds in the motion for reconsideration or by Plaintiff.

the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Additionally, "[s]everal factors shape the framework of the court's consideration of a 60(b) motion: '(1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.'"  *In re FEMA Trailer Formaldehyde Products Liab. Litig.*, at *3, citing *Edward H. Bohlin Co.*, 6 F.3d at 356.

### 1. Maintenance

Defendant argues that this Court's calculation and award of $42,400.00 in maintenance was erroneous because Defendant had already paid Plaintiff $29,240.00, which was not taken into account in determining the maintenance award.  Defendant argues that it is entitled to offset the award by that amount.  (Rec. Doc. 87-1, p. 10).   In response, Plaintiff argues that Defendant failed to produce evidence of the previous payments throughout the litigation and should, therefore, forfeit credit of the amount already paid.  (Rec. Doc. 88, p. 7).

3

According to the Fifth Circuit, maintenance is owed to a seaman, "provided he has incurred the expense." *Hall v. Noble Drilling (U.S.) Inc.*, 242 F.3d 582, 587 (5th Cir. 2001). Here, the maintenance award of $42,400.00 is not in dispute; however, the dispute concerns amounts previously paid by Defendant to Plaintiff. Significantly, Plaintiff does not dispute that the previous maintenance payments of $29,240.00 were in fact made to him, only that there was no evidence of such payments in the record. Although Defendant, admittedly, failed to submit into the record evidence detailing all maintenance payments previously made to Plaintiff (*see* Rec. Doc. 87-1, pgs. 8, 10), the Court has determined that it would undermine justice to allow Plaintiff to recover $29,240.00 more than he was determined to have incurred at trial. Therefore, the Court grants the Motion to Reconsider under Rule 60(b), because the previous maintenance payments are a factor "relevant to the justice of the judgment." Accordingly, the award is offset by that amount.

**2. Cure**

Defendant now challenges the cure award, which was based on evidence of co-pays in the amount of $3,657.37, outstanding medical bills totaling $15,726.83, and the member responsibility portion of bills from the insurance company in the amount of $41,007.84 on the grounds that there is insufficient evidence to support a finding that these expenses were "actually incurred." (Rec. Doc. 87-1, p. 11; Rec. Doc. 76, pgs. 6-7). Plaintiff, in opposition, argues that Defendant had ample time to conduct discovery, including obtaining certified bills from medical providers and the insurance company, and present any relevant evidence to the court during the trial. (Rec. Doc. 88, p. 12). Also, Plaintiff points out that the issues of maintenance and cure were jointly submitted, with the consent of both parties, to this Court on March 24, 2014. (Rec. Doc. 88, p. 12; *see* Rec. Doc. 64).

Following that joint submission, this Court had before it evidence of the co-pays paid by

4

Plaintiff, the bills for the member responsibility portion, and the outstanding medical service providers' bills.  Thus, this was all of the evidence that was and could have been considered by this Court in making its cure award determination.  Defendant now seeks to rely on this Court's statement that "actually incurred" means "actual out of pocket expenses," pertaining to the parts of the award based on the outstanding Humana member responsibility portion expenses.  In particular, Defendant asserts that (1) Humana does not have records of whether the "member responsibility portion" sums were actually paid and (2) Plaintiff did not make a showing of whether the outstanding expenses and the Humana member portion expenses were adequately separated and documented to prevent double recovery.  (Rec. Doc. 87 at p. 12).

The Court finds that, in addition to agreeing with the submitted evidence in the joint submission (Rec. Doc. 64), Defendant fails to present any evidence showing that the outstanding medical bills, representing $15,726.83 of the cure award, in the record were not accurate representations of the amounts "actually incurred" by Plaintiff.  The Court finds that there was sufficient evidence in the record to justify such a finding.  Only now, after a trial and final judgment, does Defendant come forward with "new evidence" of a communication with the service providers showing the actual amount owed by Plaintiff to be less than the amount shown by the bills in evidence during the trial.  (Rec. Doc. 87-1, p. 14, n. 4).  However, Defendant does not assert, and presumably does not know, of any justifiable reason for the discrepancy.  For instance, payments may have been made on those accounts since the trial, which would account for a lower outstanding balance.  In addition, Defendant has only recently made inquiry regarding the balance of these accounts; however, Defendant, most certainly, could have inquired about the account balances prior to or during the trial.  This "new evidence" was not undiscoverable, and is therefore insufficient for

5

this Court to overturn its judgment on reconsideration.  The Court does not find, nor has it been presented, with any sufficient reason to grant relief with regard to Plaintiff's outstanding medical expenses.  In addition, the Court finds its original award of $15,726.83 to be supported by the facts in evidence.

Furthermore, the Court does not find any sufficient reason to grant relief from the amount awarded relying on the member responsibility portion, constituting $41,007.84 of its cure award. Based on the Court's findings of fact and conclusions of law contained in the Reasons for Judgment (Rec. Doc. 76), the Court finds that award amount to be appropriate under the circumstances. Defendant has not pointed to any new evidence that was previously undiscoverable, error of law, or mistake of fact to warrant relief under either Rule 59 or Rule 60.  The court finds that its reliance on the member responsibility portion as evidence of expenses actually incurred by Plaintiff, thereby meeting his burden of proof, warranted under the circumstances.  Defendant had ample opportunity to address and contradict that evidence prior to the parties' joint submission to the Court.

Finding no error in the Court's ruling under the standards set forth in either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, the Court does not find reconsideration of the cure award appropriate here.  Plaintiff has not presented any "newly discovered evidence" that would necessitate a different outcome in this case.  *See Templet v. HydroChem, Inc.*, 367 F.3d 473 (5th Cir. 2004).  Nor does Plaintiff offer a satisfactory reason why the evidence could not have been discovered without reasonable diligence, or any other grounds as required by Rule 60(b).  Therefore, reconsideration of the Court's cure award is inappropriate.

**C. Conclusion**

6

For the reasons stated herein, Defendant is entitled to have the maintenance award offset by the amount it has already paid to Plaintiff, $29,240.00.  However, Defendant is not entitled to a reduction in the amount of the cure award.  Accordingly,

**IT IS ORDERED** that "Defendant's Motion for Reconsideration" (Rec. Doc. 87) is **GRANTED IN PART** and **DENIED IN PART**.

New Orleans, Louisiana, this 5th day of February 2015.

**KURT D. ENGELHARDT**
**United States District Judge**